UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LJUBICA STARCEVIC,

    Plaintiff(s),

vs.                                                  Case No.  04-73436
                                                Honorable Victoria A. Roberts

ATOFINA CHEMICALS, INC.,
a Pennsylvania corporation, and JAN
ARBLE,

    Defendant.
_____

### ORDER DENYING DEFENDANT JAN ARBLE'S MOTION TO DISMISS AND DISMISSING CAUSE OF ACTION SUA SPONTE, FOR LACK OF SUBJECT MATTER JURISDICTION

**I.    INTRODUCTION**

This matter is before the Court on Defendant Jan Arble's ("Arble") Motion to Dismiss.  For the reasons stated below, the Court **DENIES** Arble's Motion to Dismiss.  Further, since Arble's presence in this case destroys federal jurisdiction, the Court sua sponte, **DISMISSES** the cause of action.

**II.    BACKGROUND**

This action stems from a chemical fire.  On July 14, 2001, a railcar owned by Defendant Atofina Chemicals, Inc., leaked and caught fire at its Riverview plant.  The railcar contained approximately 25,000 gallons of methyl mercaptan.  Several communities were evacuated.  The Plaintiff was driving in front of Atofina's facility and

1

was exposed to the chemicals.

Following the exposure, the Plaintiff claims she saw statements made by the Defendant Atofina advertised by internet, newspaper and television, urging those exposed to call their hotline. The Plaintiff alleges she called the hotline and was told she would be contacted by a nurse who would answer her questions and give medical advice. The nurse who returned the call is Arble.

The Plaintiff alleges Arble committed fraud by eliciting Plaintiff's private medical history under the pretense of providing medical advice. The Plaintiff contends that Arble told her she was a nurse and that she needed the Plaintiff's medical history to be able to render medical treatment. The Plaintiff claims she shared her health conditions, medications and names of medical care providers. The Plaintiff further claims she asked several times why so much information was necessary and Arble assured her it was to provide comprehensive treatment. Eventually, after giving a great deal of information, the Plaintiff claims Arble admitted that she was seeking the information to "start the claims process" and not to render medical treatment. (Plaintiff's Response, p. 4). The Plaintiff claims to have suffered loss of privacy as a result of her interaction with Arble.

The Plaintiff filed this action alleging Negligence, Medical Monitoring, Strict Liability and Fraud. The count of Fraud is the only claim pertaining to Arble.

### III.   APPLICABLE LAW AND ANALYSIS

#### A.   Standard of Review

"[A] complaint may be dismissed for failure to state a claim upon which relief can

be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of her factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

**B.     Analysis**

**1.     Federal Rule of Civil Procedure 12(b)(6)**

The Plaintiff does allege the necessary elements to establish a claim for fraud under Michigan law. Under Michigan law, a plaintiff must allege the following to state a claim for fraud: (1) defendant made a material representation; (2) the representation was false; (3) that when defendant made the representation she knew that it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that defendant made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that plaintiff suffered injury. *Kassab v. Michigan Basic Property Ins. Assoc.*, 441 Mich. 433, 442 (1992).

The Plaintiff alleged all of these factors in her Complaint. *See* Complaint pp. 7-9. The Plaintiff claims that the misrepresentation made by Arble was that she was seeking the information in order to provide medical treatment. The Plaintiff claims that Arble elicited her medical history under the guise of gathering information to provide the best treatment. According to the Plaintiff, the Defendant later disclosed, after having gathered the Plaintiff's medical history, that she was not providing medical treatment but

was preparing for the claims process. The Plaintiff asserts she suffered a loss of privacy as a result. (Complaint p. 9). Accepting the Plaintiff's allegations as true, as the court must, the Plaintiff has succeeded in alleging a claim for fraud under Michigan law.

### 2. Federal Rule of Civil Procedure 9(b)

The Plaintiff in this case is proceeding *pro se*. *Pro se* complaints are to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Defendant seeks to strike the Plaintiff's Complaint for failure to plead with particularity pursuant to Rule 9(b):

> (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Federal Rule of Civil Procedure 9(b). As discussed above, the Plaintiff alleges all elements of a fraud claim. The allegations were pled with sufficient particularity. Additionally, since the Plaintiff is proceeding *pro se*, she will be given more latitude. Lastly, Plaintiff expounded on her allegations in her response to Defendant's Motion to Dismiss. Therefore, there is adequate particularity and the Complaint should not be dismissed under Rule 9(b).

### 3. Subject Matter Jurisdiction

Because there is a non-diverse Defendant, Arble, diversity jurisdiction pursuant to 28 USC § 1332 is destroyed. Since there are no claims over which this Court has original jurisdiction, this Court may not exercise supplemental jurisdiction pursuant to 28

USC § 1367.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Arble's Motion to Dismiss and, sua sponte, **DISMISSES** this cause of action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 12, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 12, 2005.
>
> s/Carol A. Pinegar
> Deputy Clerk